IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CELGENE CORP., <br><br> Plaintiff, <br><br> v. <br><br> CELLGENE.COM, an Internet Domain Name, <br><br> Defendant. | Civil Action No. 19-cv-673-AJT-IDD |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ORDER TO PUBLISH NOTICE OF ACTION**

Plaintiff Celgene Corp. ("Celgene" or "Plaintiff"), by counsel, submits this Memorandum of Law in Support of its Motion for an Order to publish notice of this *in rem* action regarding the Internet domain name cellgene.com (the "Domain Name").

## I.     FACTS

On May 29, 2019, Plaintiff filed its Complaint in this action. Plaintiff filed its First Amended Complaint in this action on June 26, 2019 (the "FAC").

Celgene is an integrated global biopharmaceutical company engaged primarily in the discovery, development, and commercialization of innovative therapies for the treatment of cancer and inflammatory diseases through next-generation solutions in protein homeostasis, immuno-oncology, epigenetics, immunology and neuro-inflammation. (FAC ¶ 18). As one of the largest biotechnology companies in the world, Celgene had 8,852 full time employees as of December 31, 2018, with operations in 35 countries including Hong Kong. (*Id.* ¶ 19). Many of Celgene's pharmaceutical products have been approved by the United States Food and Drug

Administration for the treatment of cancer, blood disease, and other severe immune and inflammatory conditions. (*Id.* ¶ 21).

Celgene adopted its famous CELGENE mark in 1986, when it spun off from Celanese Corporation to become an independent biotechnology company. (*Id.* ¶ 23). For more than 30 years, Celgene has provided its goods and services, including its pharmaceutical products, drug delivery compounds, pharmaceutical research, and related goods and services, in connection with its CELGENE mark. (*Id.* ¶ 25). Through Celgene's promotion of its CELGENE mark, the CELGENE mark has become famous and/or distinctive throughout the United States in connection with Celgene's products and services. (*Id.* ¶ 26). In addition to its common law rights in the CELGENE mark, Celgene is the owner of a number of United States federal trademark registrations for its CELGENE marks that presently are valid and subsisting in law. (*Id.* ¶¶ 28-29 & Ex. B).

Celgene's flagship domain name, Celgene.com, has been at the core of Celgene's marketing and promotional efforts for more than 20 years. (*Id.* ¶ 32). Celgene has used its domain name at Celgene.com and the corresponding website to provide information to the public about Celgene's pharmaceutical products, drugs, research, important safety information, as well as information about job opportunities and investment opportunities with the company. (*Id.* ¶ 34).

The listed owner of the cellgene.com domain name is identified in Paragraph 7 of the FAC. (*Id.* ¶ 7). Upon information and belief, the owner of the cellgene.com domain name provided material and misleading false contact information when applying for and maintaining the registration of the cellgene.com domain name in that the person or entity identified as the registrant of the cellgene.com domain name is not the true owner of the cellgene.com domain

name. (*Id.* ¶ 59). Upon information and belief, the registrant of the cellgene.com domain name uses a service that replaces the domain name owner's contact information with the name "PRIVACYDOTLINK CUSTOMER 3949446" and thereby conceals the identity of the true owner of the domain name. (*Id.*). On information and belief, the actual registrant of the Defendant Domain Name is based in Hong Kong, and therefore, Celgene, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A). (*Id.* ¶¶ 11, 64, 70).

In these circumstances, the Anticybersquatting Act authorizes Plaintiff to proceed *in rem* against the cellgene.com domain name. *See* 15 U.S.C. § 1125(d)(2)(A)(ii).

## II. ARGUMENT

The Anticybersquatting Act provides that for *in rem* actions such as this one, service of process shall be made by:

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II).

Plaintiff has complied with the requirements of subsection (aa) above. Celgene provided the current registrant of the cellgene.com domain name with notice of the alleged violations and Plaintiff's intent to proceed *in rem* under the Anticybersquatting Act, which included a copy of the FAC. Declaration of Ari S. Meltzer ¶¶ 6-7 & Attachs. 1 & 2 (June 26, 2019), attached hereto as Exhibit A. The notices were sent to the postal and email addresses set forth in the registration for the cellgene.com domain name. *Id.* Thus, all that remains to complete service of process is the published notice as ***may*** be directed by the Court.

Section 2(A)(ii)(II)(bb) of the ACPA requires an *in rem* plaintiff to provide notice of the *in rem* proceeding by "publishing notice of the action as the court may direct promptly after filing the action." Despite the discretionary language of the statute, this Court has in certain cases required publication in *in rem* actions. *See Facton Ltd. v. Gstaronsale.com*, No. 1:10-cv-1165-AJT-JFA, 2011 WL 677107, at *3 (E.D. Va. Feb. 17, 2011) (discussing the Court's conflicting interpretations of Section (bb) and concluding that publication is consistent with the principles underlying *in rem* jurisdiction). Therefore, out of an abundance of caution, Plaintiff requests that the Court issue an order indicating that notice shall be given by a single publication in either *The Washington Post* or *The Washington Times* as set forth in the proposed Order submitted herewith. *See e.g., Central Source LLC v. annualcreditreportmonitoring.com*, 17-cv-453 (E.D. Va.); *Central Source LLC v. afreeannualcreditreport.com*, 17-cv-581 (AJT/IDD) (ECF No. 6) (E.D. Va. Oct. 4, 2017); *Citigroup Inc. v. citibankthankyourewards.com*, No. 1:14-CV-0855 AJT/TRJ, 2015 WL 222161, at *2 (E.D. Va. Jan. 14, 2015) (finding that single publication was sufficient to satisfy Section 2(A)(ii)(II)); *Rosa Mexicano Brands, Inc. v. rosamexicanopuntademita.com*, No. 1:14-CV-00003, 2014 WL 4181068, at *3 (E.D. Va. Aug. 20, 2014) (same); *Citigroup Inc. v. Citycard.com*, No. 1:12-CV-1389 GBL/JFA, 2013 WL 3759780, at *1 (E.D. Va. July 12, 2013) (same); *RMV Enterprises, LLC v. KSoftware.com*, 2012 WL 4739524, *1 (E.D. Va. Aug. 24, 2012) (finding that under Section 43(d)(2) of the Lanham Act, 15 U.S.C. § 1125(d)(2), "service is accomplished by publishing notice of the action and sending notice of the action to the registrant.").

### III. CONCLUSION

For the reasons set forth above, Plaintiff requests that this motion be granted, that the Court enter the proposed Order submitted herewith, and that the Court grant such further relief as this Court deems proper.

Dated: June 26, 2019    By:    /s/ Attison L. Barnes, III /s/
                                                                          Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac vice*)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com

*Counsel for Plaintiff*
*Celgene Corp.*

## **CERTIFICATE OF SERVICE**

I, Attison L. Barnes, III, hereby certify that on June 26, 2019, I electronically filed the foregoing by using the CM/ECF system. I also sent copies to the registrant of the cellgene.com domain name at the postal and email addresses provided by the registrant to the registrar of the cellgene.com domain name:

    Registrant of Cellgene.com
    PRIVACYDOTLINK CUSTOMER 3949446
    PO Box 30485
    Seven Mile Beach
    Grand Cayman KY1-1202 KY
    3949446@PRIVACY-LINK.COM

    /s/ Attison L. Barnes, III /s/
    Attison L. Barnes, III, Esq.
    WILEY REIN LLP
    1776 K Street, NW
    Washington, DC  20006
    Tel: (202) 719-7000
    Fax:  (202) 719-7049
    abarnes@wileyrein.com
    *Counsel for Celgene Corp.*