**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CELGENE CORP., <br><br> Plaintiff, <br><br> v. <br><br> CELLGENE.COM, an Internet Domain Name, <br><br> Defendant. | Civil Action No. 19-cv-673-AJT-IDD <br><br> **ANSWER AND COUNTERCLAIM** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant CELLGENE.COM ("Defendant"), for its answer and affirmative defenses to the Complaint filed by Celgene Corp. ("Plaintiff"), states the following:

1. Defendant Admits Plaintiff has filed a complaint in rem action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 125(d), and trademark infringement under the Lanham Act, 15 U.S.C. § 114(1)(a).

2. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.

3. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.

4. Defendant Admits typo-squatting exists, Denies the use of the term CellGene in a domain name is typo-squatting and lacks sufficient knowledge to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.

5. Denied

6. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.

7. Defendant admits CellGene.com is a domain name which has been placed under privacy. Defendant denies the domain name is registered to the privacy company.

8. Defendant denies the actual owner of the domain name is Portmedia holdings Limited, Ltd. and admits that the owner is based in Hong Kong. The actual owner of the domain is PTB Media, Ltd.

9. Defendant Admits Plaintiff has filed a complaint which includes federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 125(d) and for trademark infringement under the Lanham Act, 15 U.S.C. § 1 14(1)(a).

10. Defendant admits this Court has original jurisdiction under 15 U.S.C. § 121(a) and 28 U.S.C. § 1331 and 1338(a).

11. Defendant Admits this Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1 125(d)(2)(A), that the privacy service on the registrar is based in the Cayman Islands and that the true owner of the domain name is located in Hong Kong.

12. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.

13. This paragraph sets forth legal conclusions and questions of law to which no response is required.

14. Defendant Admits Verisign, Inc. is situated in this judicial district and the Defendant Domain Name is a .COM domain name. The remaining statements in this paragraph sets forth legal conclusions and questions of law to which no response is required.

15. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
16. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
17. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
18. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
19. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
20. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
21. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
22. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
23. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
24. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
25. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.

26. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
27. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
28. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
29. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
30. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
31. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
32. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
33. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
34. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
35. Denied
36. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
37. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same. This paragraph also sets forth a legal conclusion of

law to which no response is required. It is admitted that UDRP claim was filed by Plaintiff, the referenced claim resulted in a favorable decision for Defendant and Plaintiff was found by a 3 member Panel to have abused the UDRP and is guilty of Reverse Domain Name Hijacking.

38. Denied
39. Denied
40. Denied
41. Denied. Plaintiff lists UDRP decisions which although they do discuss Portmedia Holdings do not decide if the owner of a domain name is a cybersquatter and as Plaintiff noted above, these administrative decisions are not entitled to any deference. Further, Plaintiff presents misleading information regarding the cases and Plaintiff even misrepresents the finding in <u>Etsy, Inc. v. Domain Administrator/Portmedia Holdings Ltd.</u>, FA1710011753224 (FORUM Nov. 27, 2017) in which a 3 Member Panel found *in favor* of Defendant. As previously denied, Portmedia Holdings is not the current owner of the domain name.
42. Denied. <u>See</u> answer to paragraph 41.
43. Defendant neither admits nor denies as Portmedia Holdings is neither a part of this suit or the registrant of CellGene.com. The remaining part of the paragraph require a legal conclusion to which no response is required. Any fact not expressly denied herein shall be considered denied.
44. Defendant denies it uses a proxy service to register domain names. The remaining part of the paragraph require a legal conclusion to which no response is required.
45. Defendant admits the Domain Name has been directed to pay per click and denies the remaining parts of the paragraph.

46. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
47. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
48. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
49. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
50. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
51. Defendant admits the registrant of the Domain Name receives compensation when Internet visitors click on a link provided by Defendant Domain name to a third-party webpage. Defendant denies said visitors were attempting to reach Celgene.com
52. Defendant denies it has configured the Domain Name in any way. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in this paragraph and therefore denies the same.
53. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.
54. Defendant admits the Defendant domain name does not reflect the legal name of the Registrant, PTB Media Ltd.
55. Denied
56. Denied
57. Denied

58. Defendant admits that CSC Digital Brand Services, as an undisclosed agent for Complainant, reached out to the registrant of the domain name on September 11, 2018, asking if Registrant was interested in selling the domain name to which the registrant responded with good faith offering to sell the domain name for $7,500. Defendant denies that it had not used and had no intent to use the domain name in the bona fide offering of any goods or services.

59. Defendant admits it uses a privacy service which places a privacy name on the domain name in accordance with GDPR. Defendant denies the remaining elements of this paragraph.

## COUNT ONE:
## Violation of the Federal Anti-cybersquatting Consumer Protection Act

60. Defendant incorporated by reference its answers in the previous paragraphs.

61. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.

62. Denied

63. This paragraph sets forth legal conclusions and questions of law to which no response is required.

64. Defendant admits that the registrant of the domain name is based in Hong Kong. The remaining elements of this paragraph sets forth legal conclusions and questions of law to which no response is required.

65. This paragraph sets forth legal conclusions and questions of law to which no response is required.

66. Defendant denies the aforesaid acts have caused harm. The remaining elements of this paragraph sets forth legal conclusions and questions of law to which no response is required.

# COUNT TWO:
## In-Rem Trademark Infringement

67. Defendant incorporated by reference its answers in the previous paragraphs.

68. Defendant lacks sufficient knowledge to admit or deny the allegations contained in this paragraph and therefore denies the same.

69. This paragraph sets forth legal conclusions and questions of law to which no response is required.

70. Defendant admits that the registrant of the domain name is based in Hong Kong. The remaining elements of this paragraph sets forth legal conclusions and questions of law to which no response is required.

71. Defendant admits it has continuously used the Defendant domain name in commerce in association with advertising services for others since 2003 which does not infringe.

72. Denied

73. Defendant admits it has no rights in the Celgene mark, but that it does have rights in CellGene.

74. Defendant denies knowledge of Plaintiff at the time the Domain Name was registered. The remaining elements of this paragraph sets forth legal conclusions and questions of law to which no response is required.

75. Defendant admits it has not received permission from Plaintiff to use its mark. Defendant denies it is using Plaintiff's mark.

76. Denied

77. Denied

78. Denied

# AFFIRMATIVE DEFENSES

1. The Complaint fails to state any claim upon which relief may be granted.

2. Plaintiff cannot show that the CELGENE mark is famous as Congress provided that a mark is "famous" only when it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). See 4 J. Thomas McCarthy, McCarthy on *Trademarks and Unfair Competition*, § 24:104, at 24-286 and 24-289 (analyzing the Legislative history, Professor McCarthy, the leading commentator on trademark law, explained that the fame "a difficult and demanding requirement" which limits the extraordinary relief of the Act to "only truly prominent and renowned marks").

3. Defendant acted in good faith at all times.

4. The Complaint is barred in whole or in part under the doctrines of waiver, estoppels, and/or acquiescence.

5. By statute, the remedies in an *in rem* action "shall be limited to a court order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2).

6. Defendant's conduct was not the cause in fact or the proximate cause of any of the damages alleged by Plaintiff.

7. Non-party PTB Media, Ltd is the owner of the domain name and holds rights in the CELLGENE mark in association with providing marketing services for others that are superior to and predate the claimed rights of Plaintiff in association with said goods and services.

8. The Complaint is barred by Plaintiff's unclean hands, in particular by its false claims in violation of 15 U.S.C. § 1114(2)(d)(v). See *Barcelona.com. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617 (4th Cir. 2003) ("Under that reverse domain name hijacking provision, a domain name registrant who is aggrieved by an overreaching trademark owner may commence an action to declare that the domain name registration or use by the registrant is not unlawful under the Lanham Act. . . . [W]hen a trademark owner overreaches in exercising rights under the ACPA, he 'reverse hijacks' the domain name from the domain-name registrant.").

9. Plaintiff's attempt to unlawfully deprive PTB Media, Ltd of CELLGENE.COM, its validly registered domain name is reverse domain name hijacking which makes this an exceptional case under 15 U.S.C. § 1117(a) and entitles Defendant to recover its reasonable attorneys' fees.

10. The term CellGene in a domain name is merely the joinder of two common words Cell & Gene used regularly together to which no one may have exclusive rights and as such Defendant's use is permissible under the doctrine of fair use. A marketing page showing advertisements for third parties does not cause any confusion between Plaintiff's goods and services and CellGene.com.

11. CellGene.com alleges that Plaintiff is barred from recovery under the doctrine of assumption of risk and laches. Since at least 2004, the disputed domain name has been used for a website with PPC links relating to the dictionary meaning of the terms comprised in the disputed domain name rather than to the Complainant or its specific industry all of which the Complainant has been aware and did nothing.

**WHEREFORE**, Defendant CELLGENE.COM respectfully requests that the Court dismiss the Complaint with prejudice, grant Defendant its reasonable attorneys' fees, and grant such other relief as the Court deems just and proper.

## COUNTERCLAIM WITH JURY DEMAND

Counter-claimant CellGene.com, by counsel, for its counterclaims states as follows:

This is an action for declaratory judgment by which CELLGENE.COM seeks this Court to declare that the domain name registration and use of <CELLGENE.COM> is not unlawful under the Lanham Act pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Additionally, CELLGENE.COM asserts claims pursuant to the trademark laws of the United States under the Trademark Act of 1946 (the Lanham Act), as amended and specifically, pursuant to the Anticybersquatting Consumer Protection Act (ACPA) 15 U.S.C. § 1114(2)(D)(v).

1. Counter-claimant CellGene.com (hereinafter the "Domain" and "Counter-Claim Plaintiff") is a domain name that has been sued.

2. The registrant of the domain name, PTB Media, Ltd. (Hereinafter "PTB") which has a primary address of 20/F, Central Tower, 28 Queen's Road, Central Hong Kong Hong Kong is the owner of the domain.

3. Counter-claim defendant Celgene Corp has its principal place of business at 86 Morris Avenue, Summit, New Jersey 07901. (Complaint ¶ 6)

4. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1331 or § 1338 as Plaintiff alleges on the face of the complaint a violation of the Lanham Act, 15 U.S.C. §1121 or 1125.

**Nature of the Suit**

5. This case is brought pursuant to 15 U.S.C. § 1114(2)(D)(iv)-(v) and for declaratory relief pursuant to 28 U.S.C. §2201 to establish that PTB's registration and use of the internet domain name <CELLGENE.COM> is not unlawful under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d) ("ACPA") or otherwise under the Lanham Act (15 U.S.C. § 1051, et seq.).

6. In an administrative proceeding under the Uniform Domain Name Dispute Policy ("UDRP") captioned: *Celgene Corporation v. Portmedia Holdings, Ltd*., D2018-2673 the administrative panel denied Counter-Claim Defendant's request for transfer and specifically found that Counter-Claim Defendant had filed an abusive claim and engaged in Reverse Domain Name Hijacking.

7. Counter-Claim Defendant filed the instant case to defeat the 3 Member panel's UDRP decision in a further attempt to improperly acquire the valuable Domain CellGene.com.

**Introduction and Facts**

8. Portmedia Holdings, Ltd. registered the Domain on or about March 16, 2003.

9. In 2018, PTB was formed and Portmedia Holdings Ltd.'s assets, including the Domain, were transferred and assigned to PTB along with all of the good will associated thereto.

10. PTB, through Portmedia, has enjoyed continuous ownership and use of the Domain over the past 16 years.

11. Portmedia had no knowledge of Counter-Claim Defendant when it purchased the Disputed, only becoming aware of Counter-Claim Defendant's existence when Counter-Claim Defendant filed a claim under the UDRP and lost a 3-Member Panel decision from which this matter derives.

12. Portmedia was and PTB is in the business of registering generic domain names and has registered thousands of generic dictionary common word domain names, three- and four-letter domain names, and common surnames as a domain development and investment strategy.

13. Examples of similar, valuable, domain names that Portmedia and PTB have registered that combine the word "cell," include but are not limited to:

> celldesigns.com; cellom.com; cellona.com; cellroom.com;
> celltrans.com; cellulor.com; cellutrim.com; cellzone.com;
> clickcell.com; cybercells.com; eternacell.com; infinitycell.com;
> and popcell.com.

14. Examples of similar, valuable, short domain names that Portmedia and PTB have registered, which include the word "gene," include, but are not limited to:

> familygenes.com; findgene.com; genefactory.com;
> genehealth.com; geneologyonline.com; genesift.com;
> geneticare.com; geneticman.com; genevoice.com; gigene.com;
> kentuckygeneology.com; nationalgenetics.com; paxgenetica.com;
> and rangene.com.

15. Portmedia had and PTB currently registers short or common word domain names because they best fulfill the purpose of a domain name which is to be easy to remember. Common word domains therefore serve well as online identities and, as a result, are commercially valuable, and are part of a domain investment portfolio.

16. Portmedia had and PTB currently hosts underdeveloped domain names with domain name parking services that pay a share of the advertising revenue they generate, an industry-wide accepted practice.

17. The Domain has been and remains is hosted with a service which places pay-per-click ("PPC") advertising links based on a Google advertiser feed on hosted domain names, sharing the advertising revenue with the domain name owners. The Domain has been

used to display descriptive PPC advertising links and those related to general interest topics.

18. There are no links related to Counter-Claim Defendant or its business on the webpage.

19. Over the past 16 years Portmedia had used and PTB currently uses the Domain in connection with descriptive or generic topics of interest. As part of its business management, Portmedia and PTB have changed parking providers and/or registrars. If at times recently the alleged links seem to relate to Counter-Claim Defendant (per Counter-Claim Defendant's claim) they were not intentionally placed with Counter-Claim Defendant's trademark in mind and were due to changes in parking systems and have since been rectified.

20. The links were not selected by Portmedia or PTB and are auto-generated by Google and are constantly changing based on Google's keyword advertising inventory and user search behavior. PTB owns thousands of domain names of which Google auto-generated links appear on any given domain at any time.

21. When Portmedia registered the disputed domain in 2003 the concept of "cell gene therapy" and the use of these two words was already in the scientific (even public) vernacluar. Today, a Google search result for "Cell Gene" reveals 252,000,000 pages of results unrealted to Counter-Claim Defendant.

22. Indeed, a popular "Cell Gene Therapy" industry conference uses the domain name [www.cellgenetherapy.com](www.cellgenetherapy.com) which itself was registered in 2006. Thus, its clear that the combination of "cell" and "gene" is not unique or exclusive to Counter-Claim Defendant (eventhough Counter-Claim Defendant does not, itself, use the correct spelling of the words in its name).

## FIRST CLAIM FOR RELIEF
### (Reverse Domain Name Hijacking)

23. Counter-Claim Plaintiff incorporates by reference all facts and allegations in the previous paragraphs.

24. Counter-Claim Defendant initiated this litigation in in a bad faith attempt to deprive PTB of the highly generic domain name CellGene.com even though it knows it cannot have an exclusive right to the words Cell & Gene and that PTB has continuously used the domain on Pay-Per-Click advertising pages for the past 16 years.

25. The Domain Name has been locked beyond PTB's full enjoyment of the benefits of registration thereof in consequence of false statements and bad acts made by Counter-Claims Defendant both in the current action and in the proceeding UDRP.

26. PTB has incurred costs related to this action and the UDRP proceeding as a direct consequence of Counter-Claim Defendant's false statements and bad acts.

27. PTB's registration or use of the Domain does not violate any cognizable right of Counter-Claim Defendant under the Lanham Act.

28. PTB is being harmed through the loss of the unrestricted use of its Domain, loss of the income generated and loss of the associated advertising opportunities.

## SECOND CLAIM FOR RELIEF
### (DECLARATORY RELIEF - 28 U.S.C. $ 2201
### NON-VIOLATION OF LANHAM ACT)

29. Counter-Claim Plaintiff incorporates by reference all facts and allegations in the previous paragraphs.

30. PTB'S registration or use of the Domain does not violate Counter-Claim Defendant's rights under the Lanham Act. In registering the Domain Name, PTB did not have "bad faith intent," as provided in I5 U.S.C. 1125(d)(I)(A)(i), to profit from Counter-Claim

Defendant's alleged trademarks. At the time Counter-Claim Plaintiff registered the Domain Names, the Counter-Claim Defendant's alleged marks were neither "distinctive" nor "famous" as provided under 15 U.S.C. 1125(d)(1)(ii).

31. PTB had reasonable grounds to believe that its registration and/or use of the Domain was and is a fair use or otherwise lawful under the Lanham Act.

32. Counter-Claim Defendant's claimed marks are not famous under the Federal Anti-Dilution Act, 15 USC 1125.

33. In the absence of a declaration from the Court, Counter-Claim Plaintiff will suffer immediate and irreparable harm.

34. PTB's registration and use of the Domain by providing advertising services for others through the use of a PPC page does not, and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of PTB with Counter-Claim Defendant, or as to the origin, sponsorship, or approval of PTB's goods, services, or commercial activities by Counter-Claim Defendant.

35. PTB's registration and use of the Domain does not misrepresent the nature, characteristics, qualities, or geographic origin of PTB's or Counter-Claim Defendant's goods, services, or commercial activities.

**THIRD CLAIM FOR RELIEF**
**(TORTIOUS INTERFERENCE)**

36. Counter-Claim Plaintiff incorporated by reference all facts and allegations in the previous paragraphs.

37. Counter-Claim Defendant, knowing that PTB Media had used CellGene.com since 2003 and having been unable to purchase CellGene.com from PTB Media, the Counter-Claim Defendant seeks in this action to obtain CellGene.com and deprive Counter-Claim Plaintiff its rights under the domain name registration contract.

**WHEREFORE**, Counter Claim Plaintiff respectfully requests judgment against Counter-Claim Defendant as follows:

A. Declaration by the Court, pursuant to 28 U.S.C. §220 1, that PTB's registration, ownership and use of the Domain Name <CellGene.com> is lawful and proper and does not infringe on any right the Counter-Claim Defendant may claim in the United States;

B. A Judgment that Counter-Claim Defendant has attempted unlawfully to interfere with PTB's rights and expectations under its domain name registration contract and has induced a breach thereof by making false statements resulting in mis-application of the dispute policy embodied therein;

C. Cost and expenses, including costs under 15 U.S.C. 1114(2)(D)(iv)-(v) and reasonable attorney's fees;

D. As this is an action "involving a violation of 15 USC 1125(d)(1)" by way of determining that no such violation in fact has occurred, "an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just" as provided under 15 USC 1117(d); and

E. For such other and further relief as this Court deems just and proper.

Jury trial demanded.

Respectfully Submitted,

CELLGENE.COM, an Internet Domain Name
By Counsel

/s
_____

| | |
|---|---|
| Jonathan Westreich, Esq. | Stevan Lieberman, Esq. |
| VSB No. 37393 | Greenberg & Lieberman, LLC |
| Greenberg & Lieberman, LLC (of counsel) | (not admitted in Virginia) |
| 604 Cameron Street | 1775 Eye Street, Suite 1150 |
| Alexandria, Virginia 22314 | Washington, D.C. 20006 |
| 703-299-9050 / fax: 703-548-1831 | (202) 625-7000 / Fax: 202-625-7001 |
| jonathan@westreichlaw.com | Stevan@aplegal.com |

Jason Schaeffer, Esq.
ESQwire.com P.C.
(not admitted in Virginia)
1908 Route 70 East
Cherry Hill, NJ 08003
(856) 874-9651
Jason@ESQwire.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2019, I electronically filed the foregoing Answer and Affirmative Defenses to Complaint and Counterclaim with the Clerk of Court using the CM/ECF system, which sent a notification of such filing to the following:

Attison L. Barnes, II (VA Bar No. 30458)
David E. Weslow (for pro hac admission)
Ari S. Meltzer (for pro hac admission)
Adrienne J. Kosak (VA Bar No. 7863 1)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
abarnes @wileyrein.com

/s
_____
Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Counsel for CellGene.com